# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **MARK ALAN ROBINSON,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:20CV00059 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **JEFFERY NEWTON, ET AL,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |
| | ) | |

*Mark Alan Robinson, Pro Se Plaintiff.*

Plaintiff, a Virginia inmate proceeding pro se, has filed pleading using a form designed for bringing a civil rights action under 42 U.S.C. § 1983. He alleges that jail officials are miscalculating the length of his jail time. After review of the record, I conclude that the Complaint must be construed as a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 and summarily dismissed without prejudice for failure to exhaust available state court remedies.[1]

Robinson's Complaint tells his story as follows:

> I was charged with misdemeanor violation of a protective order, and sentenced April 12, 2019 to twelve months. For good behavior I serve half of that — six months — and as a trustee working in the kitchen I received one day's reduction in my remaining sentence for each day I was a trustee. I worked from May 9 - July 26, when I was released,

---

[1] Rule 4 of the Rules Governing Section 2254 Cases authorizes summary dismissal of a habeas corpus action if it is clear that the petitioner is not entitled to relief.

> having completed and satisfied the terms of my sentence. I appealed the verdict, was found guilty November 18, and now the jail insists that I serve the 2 ½ months for which I had earned the credit.

Compl. 3, ECF No. 1. As relief in this case, Robinson asks the court "to order the jail to abide by our previous agreement, by continuing to honor the days I earned." *Id.*

"Section 1983 of Title 42 creates a cause of action against any person who, acting under color of state law, abridges a right arising under the Constitution or laws of the United States." *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). When an inmate seeks to challenge the fact or duration of his detention based on federal constitutional grounds, however, a civil rights complaint under § 1983 is not the proper legal remedy. *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). An inmate may raise such challenges only by filing a petition for a writ of habeas corpus, after first exhausting available state court remedies. *Id.*; *see also* 28 U.S.C. § 2254(b) (regarding exhaustion requirement).

A district court is not constrained by a litigant's style of pleading and may liberally construe a pleading styled as a civil rights complaint as a habeas petition under § 2254 instead. *Hamlin v. Warren*, 664 F.2d 29, 30 (4th Cir. 1981). To determine whether an action is properly considered a habeas corpus petition, rather than a civil rights complaint under § 1983, a court must consider whether the core

of the litigant's claim concerns the fact and/or duration of the litigant's confinement. *Preiser*, 411 U.S. at 500.

As stated, Robinson claims that in calculating the duration of his detention, jail officials are not counting days of credit he earned against his sentence while working as a trustee. Because Robinson is clearly contesting the length of his confinement at the jail, his claims are not cognizable under § 1983. *Id.* Rather, the appropriate federal cause of action in which to pursue such relief is a habeas corpus petition under 28 U.S.C. § 2254. *Id.* Therefore, I conclude that Robinson's pleading is appropriately construed as a Petition for a Writ of Habeas Corpus under § 2254.

A federal court cannot grant habeas relief under § 2254 unless the petitioner has exhausted the remedies available in the courts of the state in which the petitioner was convicted. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). A Virginia inmate challenging the calculation of his sentence may do so by filing a petition for a writ of habeas corpus in the circuit court where he was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. Va. Code Ann. § 8.01-654(A)(1); § 17.1-406(B). In the alternative, he can file a state habeas petition directly with the Supreme Court of Virginia. Va. Code Ann. § 8.01-654(A)(1). Whichever route he follows in exhausting state court remedies, Robinson must ultimately present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them on the merits in a §

2254 petition. If the petitioner clearly has available state court remedies remaining, the federal court must dismiss the § 2254 petition without prejudice to allow him to utilize those remedies. *Slayton v. Smith*, 404 U.S. 53, 54 (1971).

Robinson's submissions do not indicate that he has presented his sentence calculation claim to any state court. Similarly, state court records available online do not indicate that he has filed a state habeas petition since his November 2019 sentencing in the Augusta County Circuit Court. Because Robinson clearly has not yet exhausted available state court remedies, I conclude that I must summarily dismiss his § 2254 petition without prejudice to allow him to pursue his claims first in state court.

A separate Final Order will be entered herewith.

DATED: February 4, 2020

/s/ JAMES P. JONES
United States District Judge